**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

JAMES ALAN PAMPERIN,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 07-3077-MWB
(No. CR 03-3068-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

----

**TABLE OF CONTENTS**

*I.*  *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.*  *Charges, Plea, Sentence, and Appeal* . . . . . . . . . . . . . . . . 2
    *B.*  *The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*II.*  *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *A.*  *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . 7
    *B.*  *Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *1.*   *Need for an evidentiary hearing* . . . . . . . . . . . . . . . 9
        *2.*   *Procedural default* . . . . . . . . . . . . . . . . . . . . . . 10
    *C.*  *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . 11
        *1.*   *The claim at issue* . . . . . . . . . . . . . . . . . . . . . . 11
        *2.*   *Arguments of the parties* . . . . . . . . . . . . . . . . . . 13
        *3.*   *Applicable Standards* . . . . . . . . . . . . . . . . . . . . 13
        *4.*   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    *D.*  *Actual Innocence Of Money-Laundering Charges* . . . . . . . . . . . 18
        *1.*   *Arguments of the parties* . . . . . . . . . . . . . . . . . . 18
        *2.*   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    *E.*  *Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . 22

*III.*  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

This matter comes before the court pursuant to petitioner James Alan Pamperin's November 8, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), as amended on June 19, 2008 (docket no. 4). Pamperin asserts that his trial counsel provided ineffective assistance by failing to negotiate a reduction in Pamperin's sentence below the statutory mandatory minimum based on his substantial assistance pursuant to 18 U.S.C. § 3553(e) and that the Supreme Court's decision in *United States v. Santos*, 128 S. Ct. 2020 (2008), invalidates his conviction for money laundering in violation of 18 U.S.C. § 1956. The respondent contends that Pamperin is not entitled to relief on either of the grounds that he raises.

## I. INTRODUCTION

### A. Charges, Plea, Sentence, and Appeal

Petitioner James Alan Pamperin and numerous co-defendants were charged with various drug-trafficking and money-laundering charges in a Superseding Indictment (CR 03-3068, docket no. 127) handed down on February 26, 2004. The charges against Pamperin were found in Counts 1, 7, and 8. Count 1 charged Pamperin and several co-defendants with conspiracy, between about January 1, 1998, and continuing through about May 17, 2001, to distribute and to possess with intent to distribute methamphetamine and marijuana, to use a communication facility, the United States Postal Service, in causing and facilitating the commission the distribution and possession with intent to distribute of methamphetamine and marijuana, and to employ, use, persuade, induce, and entice a minor to commit one or more drug-trafficking offenses, all in violation of 21 U.S.C.

§§ 846 and 861(a)(1). Count 7 charged Pamperin and one co-defendant with knowingly and willfully transporting, transmitting, transferring, and attempting to transport, transmit, and transfer monetary instruments or funds, that is, a Western Union transfer of $700, from the United States to Mexico, on or about February 4, 2001, with intent to promote the carrying on of a drug-trafficking conspiracy and knowing that the monetary instrument represented the proceeds of some form of unlawful activity and knowing that the transfer was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the drug-trafficking conspiracy, all in violation of 18 U.S.C. §§ 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956 (b). Count 8 charged Pamperin and four co-defendants with conspiring, beginning in about 1998 and continuing through about July 13, 2001, to commit various money-laundering offenses, all in violation of 18 U.S.C. §§ 1956(h) and 2.

At a hearing on October 12, 2004, Pamperin pleaded guilty to the charges against him, pursuant to a cooperation plea agreement, before a magistrate judge of this court. *See* CR 03-3068, docket no. 390. On October 29, 2009, the undersigned accepted the magistrate judge's Report and Recommendation (CR 03-3068, docket no. 393), thereby accepting Pamperin's guilty plea. *See* CR03-3068, docket no. 437.

On September 1, 2005, prior to Pamperin's sentencing, Pamperin's counsel filed a Motion For Downward Departure On Sentencing Pursuant To U.S.S.G. § 5K2.0 And Motion For Variance (CR 03-3068, docket no. 524), based on post-offense rehabilitation, which the prosecution resisted (CR 03-3068, docket no. 525). At Pamperin's sentencing hearing on September 9, 2005, however, the prosecution made its own motion for a reduction in Pamperin's sentence pursuant to U.S.S.G. § 5K1.1 for substantial assistance and recommended a 25% sentence reduction. *See* CR 03-3068, docket no. 526 (hearing minutes); CR 03-3068, docket no. 545 (sentencing transcript).

At the sentencing hearing on September 9, 2005, the court determined that Pamperin's advisory guideline sentencing range was 210 to 262 months of imprisonment, but the court varied downward to the statutory mandatory minimum sentence of 120 months based on post-offense rehabilitation and consideration of all of the 18 U.S.C. § 3553(a) factors. The court was unable to effectuate the prosecution's motion for a 25% downward departure for substantial assistance, or any greater percentage downward departure that the court would have made in response to the motion, because the court had already varied down to the statutory mandatory minimum. Therefore, the court denied the prosecution's motion for downward departure pursuant to U.S.S.G. § 5K1.1 as moot. The court reminded Pamperin's counsel to move the court to compel the prosecution to make a § 3553(e) motion, which Pamperin's counsel then did do. *See* Sentencing Hearing Transcript, p. 78, *ll.* 15-24. The prosecution declined to make a further motion for a substantial assistance reduction pursuant to § 3553(e), because the court had already reduced Pamperin's sentence to the mandatory minimum. Although the court opined that the prosecution's refusal to make the § 3553(e) motion was in bad faith, the court declined to grant Pamperin's motion to compel such a motion, deferring to the judgment of the circuit court on the question of bad faith. Sentencing Hearing Transcript, p. 93, *ll.* 10-15. Thus, Pamperin was sentenced to concurrent sentences of 120 months of imprisonment on Counts 1, 7, and 8. Judgment entered accordingly on September 23, 2005. CR 03-3068, docket no. 535.

Pamperin filed a Notice Of Appeal (CR 03-3068, docket no. 536) through new counsel on September 23, 2005. On October 19, 2005, the prosecution filed a Notice Of Cross Appeal (CR 03-3068, docket no. 548), but the prosecution's motion to dismiss its cross-appeal was granted on December 30, 2005. *See* CR 03-3068, docket no. 560. On Pamperin's appeal, the Eighth Circuit Court of Appeals affirmed this court's denial of

Pamperin's motion to compel the prosecution to make a downward departure motion pursuant to 18 U.S.C. § 3553(e), finding that the prosecution had stated a sufficient and proper reason for declining to make a further § 3553(e) motion, where the prosecution had stated its belief that no further reduction was appropriate. *United States v. Pamperin*, 456 F.3d 822, 825 (8th Cir. 2006); CR 03-3068, docket no. 617.

### B. The § 2255 Motion

Pamperin filed his original *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1) on November 8, 2007. In his original § 2255 Motion, Pamperin asserted that his trial counsel provided ineffective assistance by failing to negotiate a reduction in his sentence below the statutory mandatory minimum based on his substantial assistance pursuant to 18 U.S.C. § 3553(e) and that the decision of the Seventh Circuit Court of Appeals in *Santos v. United States*, 461 F.3d 886 (7th Cir. 2006), then pending before the Supreme Court, invalidated his convictions on the money-laundering charges in Counts 7 and 8. Although Pamperin's § 2255 Motion stated that a Memorandum of Fact and Law to provide further explanation of Pamperin's claims was forthcoming, no such Memorandum was ever filed.

Instead, on March 24, 2008, Pamperin filed a Motion For Enlargement Of Time (docket no. 2), requesting an extension until April 11, 2008, to amend his § 2255 Motion, because the Supreme Court's decision in *Santos* had not yet been filed. The court denied that motion as moot, because the court established a briefing schedule pursuant to which Pamperin was to file a brief on or before May 16, 2008, the respondent was to file a response on or before July 1, 2008, and Pamperin was to file a reply on or before August 1, 2008. Order of April 3, 2008 (docket no. 3). Pamperin filed no timely brief, however.

Instead, on June 19, 2008, Pamperin filed a *pro se* Amended Title 28 U.S.C. § 2255 Motion (docket no. 4), reiterating his claim that his sentencing counsel had been unable to negotiate a § 3553(e) motion from the government, despite the "undisputable" usefulness of his assistance, that "[United States v.] Leonti, [326 F.3d 1111, 1116-1122 (9th Cir. 2003),] demonstrates that Pamperin suffered from harm from [his attorney's] deficient performance," that "United States v. Santos, No. 06-1005 (June 2, 2008) requires the reversal of Pamperin's money laundering conviction," and that he is, at the very least, entitled to a hearing on his ineffective assistance of counsel claim. The Amended § 2255 Motion was not accompanied by a separate brief providing any additional factual or legal support for Pamperin's claims.

By Order (docket no. 5), dated June 19, 2008, the court set a deadline of August 1, 2008, for the respondent to file a response to Pamperin's amended motion and a deadline of September 3, 2008, for Pamperin to file a reply. The respondent filed its Court Ordered Response To Petitioner's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (docket no. 6) on July 31, 2008, denying that Pamperin is entitled to an evidentiary hearing or any relief on his claims. On September 2, 2008, Pamperin filed a Reply (docket no. 7) asserting, for the first time, that his sentencing counsel had been deficient in insisting that he sign a cooperation agreement conceding the applicability of a six-level enhancement under U.S.S.G. § 2D1.1(b)(6)(C) [now U.S.S.G. § 2D1.1(b)(10)(D)] that Pamperin contends was not supported by the facts and for which he received no guarantee of a U.S.S.G. § 5K1.1 or § 3553(e) departure motion. In his Reply, Pamperin also clarified his contention that *Santos*, 128 S. Ct. 220, requires reversal of his money-laundering convictions, because there is no evidence that the money involved in those offenses was "profits" from drug activity, rather than gross proceeds, so that

Pamperin contends that he is actually innocent of the money-laundering charges under the new definition of "proceeds" in *Santos*.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Pamperin's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in

light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Pamperin's claims for § 2255 relief.

## B. Preliminary Matters

### 1. Need for an evidentiary hearing

Pamperin has expressly requested an evidentiary hearing on his § 2255 Motion. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v.*

*United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Pamperin's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

### 2. *Procedural default*

The respondent asserts that Pamperin is procedurally barred from asserting his claims because it appears that those claims either were not raised before this court or on direct appeal or because they were raised and rejected by the appellate court on direct appeal, whatever the present repackaging of the claims may be. "Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *See Ramey,* 8 F.3d at 1314 (internal citations omitted)); *accord Johnson*, 278 F.3d at 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). On the other hand, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

Here, the court finds that Pamperin's "ineffective assistance" claim concerning failure to negotiate a motion § 3553(e) motion is properly raised in a § 2255 motion, even

if the merits of the prosecution's decision to refuse to make a § 3553(e) motion have already been considered on appeal. *See Hughes*, 330 F.3d at 1069. Therefore, the court will consider that claim on the merits. As to Pamperin's claim that he was improperly convicted of money laundering, a claim may not be procedurally defaulted, if the petitioner shows that he is "actually innocent" of the charged offense. *Johnson*, 278 F.3d at 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). The court will assume, without deciding, that Pamperin's claim of "actual innocence" on the money-laundering charges, in light of *Santos*, overcomes procedural default on that claim, and will also consider that claim on the merits.

## C. Ineffective Assistance Of Counsel

### 1. The claim at issue

Pamperin initially stated his ineffective assistance of counsel claim to be that sentencing counsel "was ineffective for failing to negotiate a reduction pursuant to Title 18 U.S.C. § 3553(e) in exchange for Pamperin's plea of guilty," and cited in support of that contention *United States v. Leonti*, 326 F.3d 1111 (9th Cir. 2001). Section 2255 Motion (docket no. 1), Ground One. He did not, however, explain how *Leonti* supported his claim or file the memorandum supporting that claim that he asserted would be "forthcoming." *Id.* In his Amended § 2255 Motion, Pamperin again asserted that *Leonti* supported his ineffective assistance of counsel claim, by demonstrating that he suffered harm because of counsel's deficient performance, adding only, as factual support, that he made extensive efforts to cooperate with the prosecution, including working undercover, and that the usefulness of his assistance was "undisputable," yet counsel "was unable to

negotiate a Title 18 U.S.C. § 3553(c) [sic] motion from the Government." Amended § 2255 Motion (docket no. 4), 1-2. Only after the respondent had filed its Response (docket no. 6) did Pamperin assert in his Reply (docket no. 7) his quite different, and much more detailed, contentions that his ineffective assistance of counsel claim differed from his claim on appeal, because he was now asserting that his sentencing counsel was ineffective owing to "counsel's insistence that he sign a cooperation agreement, only days before he was to be sentenced, [and] that he concede to a six level enhancement under 2D1.1(b)(6)(C) (currently 2D1.1(b)(10)(D)(11)) [sic] that was not supported by the facts or admitted by Petitioner." Reply (docket no. 7), 1. Although Pamperin does assert that he got nothing in return for this stipulation to the U.S.S.G. § 2D1.1(b)(10)(D) enhancement in the way of a guarantee of a § 3553(e) motion, there was no hint in his original § 2255 Motion or his Amended § 2255 Motion that counsel's deficient performance involved urging him to enter into a stipulation for a sentencing enhancement, or even entering into a stipulation that did not lead to a § 3553(e) motion, rather than failing to negotiate a § 3553(e) motion based on Pamperin's substantial assistance.

Under the circumstances, the court concludes that Pamperin has waived the contentions, raised for the first time in his reply brief, that counsel was ineffective in urging him to enter into the stipulation for the U.S.S.G. § 2D1.1(b)(10)(D) enhancement because there was purportedly no factual basis for such an enhancement. *See Hohn v. United*, 193 F.3d 921, 923-24 n.2 (8th Cir. 1999) (declining to address claims raised for the first time in a § 2255 reply brief); *see also Smith v. United States*, 256 Fed.Appx. 850, 852, 2007 WL 4233375, *1 (8th Cir. 2007) ("[T]he district court did not err in dismissing claims raised for the first time in a § 2255 reply brief," citing *Hohn*). Thus, the ineffective assistance claim properly before the court is Pamperin's claim that his sentencing counsel

was ineffective for failing to negotiate a § 3553(e) motion, despite Pamperin's substantial assistance.

### 2. *Arguments of the parties*

In support of the ineffective assistance of counsel claim properly before the court, Pamperin argues, in essence, that counsel was ineffective, because he could not obtain a § 3553(e) motion from the prosecution, despite Pamperin's substantial assistance. Responding only to that claim, as the only one thus far asserted, the respondent argues that Pamperin cannot show that his counsel was ineffective, where Pamperin received a reduction from his 210 to 262 months advisory sentencing guidelines range down to 120 months, roughly a 50% reduction. Moreover, the respondent points out that Pamperin's counsel did move the court to compel the prosecution to make a § 3553(e) motion, but that counsel was neither in control of the prosecution's decision to make a § 3553(e) motion or the court's decision to grant or deny the motion to compel a § 3553(e) motion. The respondent also points out that the Eighth Circuit Court of Appeals concluded that the prosecution did not abuse its discretion or act in bad faith in concluding that Pamperin's cooperation did not warrant a § 3553(e) motion.

### 3. *Applicable Standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28

U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'"

*Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 4. Analysis

The decision on which Pamperin relies for his claim of ineffective assistance of counsel, *United States v. Leonti*, 326 F.3d 1111 (9th Cir. 2003), establishes little more than the proposition that a criminal defendant is entitled to meaningful advocacy during the defendant's pre-plea attempts to cooperate with the prosecution. *Leonti*, 326 F.3d at 1116-22. The court cannot find that the decision in *Leonti* dictates the result in Pamperin's case, however, because the circumstances in *Leonti* are distinguishable. Specifically, Pamperin's counsel, unlike Leonti's counsel, did not fail to make meaningful attempts to obtain a downward departure for substantial assistance.

More specifically, Pamperin's counsel did not perform deficiently in failing to negotiate a § 3553(e) motion from the prosecution nor did any deficiency prejudice Pamperin. Where the determination of whether or not to make a § 3553(e) motion lies entirely in the prosecution's discretion, *United States v. Perez*, 526 F.3d 1135, 1138 (8th Cir. 2008) ("Both § 3553(e) and § 5K.1.1 give 'the Government a power, not a duty, to file a motion when a defendant has substantially assisted.' *Wade v. United States,* 504 U.S. 181, 185, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992). 'The government has no duty to make a substantial assistance motion unless it has entered into a plea agreement with the defendant that creates such a duty.' *United States v. Mullins,* 399 F.3d 888, 889-90 (8th Cir. 2005) (internal alterations and quotation marks omitted)."), defense counsel's failure to negotiate successfully for such a motion or failure to obtain a promise for such a motion simply is not deficient performance, at least where, as here, it is clear from the record that defense counsel was attempting to position Pamperin to receive such a § 3553(e) motion and urging the prosecution to make such a motion. Moreover, defense counsel moved to compel the government to make a § 3553(e) motion at sentencing. Under the circumstances, it is not clear what more counsel could have been expected to do.

Indeed, although the claim is untimely, the court cannot find that counsel acted deficiently by urging Pamperin to enter into a stipulation regarding a U.S.S.G. § 2D1.1(b)(10)(D) enhancement in an attempt to position Pamperin to obtain a § 3553(e) motion. *See* Sentencing Transcript at p. 48, *l.* 21-p. 50, *l.* 25 (noting that the sentencing court did not fault defense counsel for agreeing to an enhancement under then U.S.S.G. § 2D1.1(b)(6)(C), now § 2D1.1(b)(10)(D), in the hope of obtaining a substantial assistance motion, although the court was unable to tell from the pre-sentence investigation report whether the enhancement was properly scored, because it did not appear that a methamphetamine laboratory was found in the home where a child resided, where counsel explained that his research indicated the enhancement was appropriate under Eighth Circuit law based on the presence of precursors and equipment in the vicinity, the defendant hoped for a § 3553(e) or Rule 35 motion, and defense counsel was trying to avoid a subsequent charge concerning methamphetamine manufacturing, as discussed by the prosecutor, because methamphetamine manufacturing was not part of the charged methamphetamine conspiracy). Counsel had a reasonable, strategic reason for entering into the stipulation, based on reasonable research of applicable law and pertinent facts. *Rice,* 449 F.3d at 897 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting *Strickland,* 466 U.S. at 690)).

Moreover, because the Eighth Circuit Court of Appeals has already determined that there was no impropriety in the prosecution's refusal to make a § 3553(e) motion, Pamperin cannot show that he was prejudiced by his counsel's failure to negotiate a § 3553(e) motion. Under the circumstances, there is simply no "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine

confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).

Pamperin is not entitled to relief on this claim.

## D. Actual Innocence Of Money-Laundering Charges

### 1. Arguments of the parties

Pamperin's second claim, as clarified in his Amended § 2255 Motion, is that "United States v. Santos, No. 06-1005 (June 2, 2008) requires the reversal of [his] money laundering conviction[s]," because there is no evidence that the money involved in those offenses was "profits" from drug activity, rather than gross proceeds. In other words, Pamperin asserts that he is actually innocent of the money-laundering charges under the new definition of "proceeds" in *Santos*.

The respondent acknowledges that, at least in the context of an illegal lottery business and application of the rule of lenity, "proceeds" of money laundering are "profits" of the specified unlawful activity. The respondent argues, however, that Pamperin pleaded guilty to both money-laundering charges and has not now provided any evidence to suggest that the money he admitted that he wired to a co-defendant was not "profits" as defined by the decision in *Santos*. The respondent also argues that the present case is distinguishable from *Santos*, in that Pamperin's wire transfer involved money from a drug transaction, not money used to conduct a lottery business.

In his Reply, Pamperin argues that there is no evidence that he knew that the money in question was "profits" from drug activity; it may well have been a payment for "fronted" drugs, or payment for transportation of drugs, or payment of any of a number of other activities that a drug conspiracy requires that clearly do not involve "profits" of the conspiracy. Thus, he contends that there is no evidence that the money involved here

meets the new definition of "proceeds" in *Santos*. Under these circumstances, he argues that this court should appoint counsel, hold a hearing, and require the respondent to prove that the $700 wired by Pamperin constituted actual "profits" not gross "proceeds" of the drug conspiracy.

### 2. *Analysis*

A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court. *See House v. Bell,* 547 U.S. 518 (2006); *Baker v. Yates,* 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins,* 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993); *Whitby v. Dormire,* 2 Fed. App'x 645, at *1 (8th Cir. 2001); *Mansfield v. Dormire,* 202 F.3d 1018, 1023-24 (8th Cir. 2000). In *House,* the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." *House,* 126 S. Ct. at 2087. The Supreme Court did, however, provide some insight into what might be required to prove such a claim. *Id.* (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The Court recognized, as it did in *Herrera,* that the standard for any freestanding innocence claim would be "'extraordinarily high,'" *id.* (quoting *Herrera,* 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim. *Id.* at 2087 ("The sequence of the Court's decisions in *Herrera* and *Schlup*—first leaving unresolved the status of freestanding claims and then establishing the gateway standard—implies at the least that *Herrera* requires more

convincing proof of innocence than *Schlup*."). Even assuming that such a freestanding claim could be raised, Pamperin has not met or even approached an "extraordinarily high" standard here by asserting only that "proceeds" under the money-laundering statute also at issue here, 18 U.S.C. § 1956(a), means "profits," as the Supreme Court concluded in *United States v. Santos*, 128 S. Ct. 2020 (2008).

In *Santos*, a plurality of the Supreme Court held that "proceeds" in § 1956(a) means "profits," at least where the rule of lenity requires any ambiguity about whether "proceeds" means "profits" or "receipts" required application of the interpretation most favorable to the defendant. *Santos*, 128 S. Ct. at 2025 (plurality opinion). The fifth vote required for a majority judgment came from a concurring decision by Justice Stevens. Justice Stevens concluded that Congress could have required "proceeds" to have one meaning when referring to some of the specified unlawful activities listed in § 1956(c)(7), and a different meaning when referring to others. *Santos*, 128 S. Ct. at 2031-32 (Stevens, J., concurring in the judgment). He then noted that the legislative history made clear that "proceeds" included gross revenues from the sale of contraband and the operation of crime syndicates involving such sales, so that the rule of lenity did not apply to the meaning of "proceeds" for these types of criminal activity, but legislative history did not shed any light on how to identify "proceeds" of many other types of specified unlawful activity. *Id.* at 2032 & n.3. Next, he found that "[t]he consequences of applying a 'gross receipts' definition of 'proceeds' to the gambling operation conducted by respondents are so perverse that [he could not] believe they were contemplated by Congress. . . ." *Id.* at 2032. Thus, he concurred in applying the rule of lenity in the context of a gambling operation, and concurred in the judgment that "proceeds" in the case of such a gambling operation meant "profits." *Id.* at 2033-34.

Neither the Supreme Court nor any other federal court has held that *Santos* is retroactive to cases on collateral review, *see, e.g., Brown v. United States*, 2009 WL 2849776, *6 (E.D. Tenn. Aug. 31, 2009) ("The Supreme Court, however, has not held that *Santos* should be applied retroactively."), although some courts have assumed, for the sake of argument, that *Santos* sets forth a change in a substantive rule that would apply retroactively to otherwise timely § 2255 motions. *See, e.g., United States v. Ramos*, 2009 WL 2485592, *9 n.3 (S.D. Tex. Aug. 7, 2009). Other courts have recognized that "*Santos* has limited precedential value." *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009). As the Eleventh Circuit Court of Appeals explained,

> Three parts of Justice Scalia's four-part opinion are for a plurality of justices, and those parts do not state a rule for this case. *See Santos*, 128 S. Ct. at 2022-45. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds. . . .'" *Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990, 993, 51 L. Ed. 2d 260 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n. 15, 96 S. Ct. 2909, 2923, n.15, 49 L. Ed. 2d 859 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)). The narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not "proceeds" under section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation. The evidence instead established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking.

*Demarest*, 570 F.3d at 1242 (concluding that, consequently, *Santos* afforded the defendants no relief from their money-laundering convictions). Even courts willing to apply *Santos* retroactively, for the sake of argument, have found that it does not apply to drug-

smuggling or other drug-trafficking operations, that is, to any conduct other than conduct of an illegal gambling operation. *See Ramos*, 2009 WL 2485582 at *12 (citing cases).

This court is persuaded that, assuming without deciding that *Santos* applies retroactively to cases on collateral review, the fragmented decision in *Santos* must be limited to its narrowest grounds. *Marks*, 430 U.S. at 193; *Demarest*, 570 F.3d at 1242 (citing *Marks*). Those narrowest grounds are defined by Justice Stevens's concurrence. Here, Pamperin's case falls precisely into the kind of case to which Justice Stevens would not apply the rule of lenity to define "proceeds" under § 1956 as "profits"; rather, it is the kind of case in which he explained that legislative history demonstrates that "proceeds" means "gross revenues," because it is a case involving sale of contraband and the operation of a crime syndicate involving such sales. *Santos*, 128 U.S. at 2032 & n.3 (Stevens, J., concurring). Thus, *Santos* simply affords no basis for concluding that Pamperin is "actually innocent" of the money-laundering charges to which he pleaded guilty.

Consequently, Pamperin is not entitled to relief on his "actual innocence" claim.

## E. *Certificate of Appealability*

Denial of Pamperin's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Pamperin has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Pamperin's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Pamperin does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Upon the foregoing, petitioner James Alan Pamperin's November 8, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1), as amended on June 19, 2008 (docket no. 4), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 16th day of September, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA